[Cite as *Crum v. Huber Hts.*, 2013-Ohio-3271.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

TIFFANY CRUM

      Plaintiff-Appellant

v.

CITY OF HUBER HEIGHTS

      Defendant-Appellee

Appellate Case No.    25439

Trial Court Case No.   2012-CV-1148

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

PATRICK J. CONBOY, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
     Attorney for Plaintiff-Appellant

ERIN B. MOORE, Atty. Reg. No. 0061638, 109 North Main Street, 800 Performance Place, Dayton, Ohio 45402
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Plaintiff-Appellant, Tiffany Crum, appeals from a decision of the trial court granting summary judgment in favor of Defendant-Appellee, the City of Huber Heights.   Crum does not challenge the substance of the trial court's decision, but instead, argues that the trial court erred in failing to set a deadline for Crum to file a response to the City's motion for summary judgment, after she had filed two motions for an extension of time to respond.   Crum claims that she did not file a response before the trial court issued its decision because the judgment entry granting the second extension did not state a filing deadline.   Accordingly, she contends that the trial court's decision should be vacated, and that she should be permitted to file a response.

{¶ 2}   We conclude that the trial court did not err in issuing its decision granting summary judgment, because a deadline for Crum to file a response was established in the pleadings, after Crum was granted two extensions.   We further conclude that Crum's second motion for an extension mistakenly requested the same deadline as her first motion for extension, and this was an invited error for which Crum is responsible.   Accordingly, the judgment of the trial court will be affirmed.

## I.   Facts and Course of Proceedings

{¶ 3}   On July 19, 2010, Tiffany Crum sustained personal injuries in an automobile accident that occurred after she drove her vehicle over a manhole cover located on Chambersburg Road in the city of Huber Heights, Montgomery County, Ohio.   On February 13, 2012, Crum filed a civil complaint alleging that the City of Huber Heights (the City) was negligent in failing

to properly install the manhole cover. The City timely answered Crum's complaint, and on July 17, 2012, it filed a motion for summary judgment. The trial court's final pretrial order provided that the deadline for Crum to file a response was 14 days later, or on August 10, 2012.

{¶ 4} On July 27, 2012, Crum filed a motion for extension of time to respond to the City's motion for summary judgment. Crum specifically requested an extension up to and including August 17, 2012. The trial court sustained the motion for extension, and approved and filed the corresponding judgment entry that was prepared by Crum's counsel. The judgment entry stated that Crum's response was due no later than August 17, 2012.

{¶ 5} On August 15, 2012, Crum filed a second motion requesting an extension of time to respond to the City's motion for summary judgment. Crum's second motion was identical to the first, as it requested an extension up to and including August 17, 2012. Once again, the trial court sustained the motion for extension, and approved and filed the corresponding judgment entry that was prepared by Crum's counsel. The second judgment entry did not specifically state the deadline for filing the response.

{¶ 6} On September 27, 2012, six weeks after the August 17th deadline, the trial court issued a decision granting summary judgment in favor of the City, because Crum had never filed a response memorandum. Upon learning of the trial court's summary judgment decision, Crum filed a motion for reconsideration. Crum requested reconsideration on grounds that the trial court's entry did not set a deadline for her to file a response to the City's motion for summary judgment. She claimed that the judgment entry granting her second extension did not state a filing deadline. The trial court overruled the motion for reconsideration, finding that the court granted the extension of time based upon the date that Crum specified in her second motion to

extend.

{¶ 7}   Crum now appeals from the trial court's decision granting summary judgment.

## II.   Did the Trial Court Err in Sustaining Appellee's Motion for Summary Judgment?

{¶ 8}   Crum's sole assignment of error states that:

The Trial Court Erred in Sustaining Defendant/Appellee's Motion for Summary Judgment.

{¶ 9}   Under this assignment of error, Crum does not take issue with the substance of the City's motion for summary judgment.   Instead, Crum argues that it was inappropriate for the trial court to issue a decision granting summary judgment without first having set a deadline for her to file a response memorandum.   In support of her argument, Crum relies on the fact that the judgment entry granting her second motion for extension does not specifically state a filing deadline.

{¶ 10}   The pleadings in the record indicate that a filing deadline was established.   Crum moved for two extensions of time to respond to the City's motion for summary judgment, and both motions specifically requested an extension up to and including August 17, 2012.   The trial court granted both extensions based on this date.   It is immaterial that the judgment entry granting the second motion for extension did not specify the deadline, because the requested deadline was specified in the motion, itself.   Therefore, when the trial court granted the second motion to extend, the August 17th deadline was established.

{¶ 11}   Although not discussed by Crum, we can assume from the record that the

redundant, second request for an extension to August 17th was made in error, and that she intended to request a later deadline. The error is apparent, given that the second motion for extension is identical to the first motion. This resulted in the trial court granting a redundant extension, which is an invited error based on Crum's own request.

{¶ 12} "The doctrine of invited error estops an appellant, in either a civil or criminal case, from attacking a judgment for errors the appellant induced the court to commit. Under that principle, a party cannot complain of any action taken or ruling made by the court in accordance with the party's own suggestion or request." (Citation omitted.) *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994, ¶ 11 (2d Dist.), *appeal allowed*, 130 Ohio St.3d 1436, 2011-Ohio-5883, 957 N.E.2d 299, *and appeal dismissed as improvidently allowed*, 132 Ohio St.3d 125, 2012-Ohio-2574, 969 N.E.2d 1196. *Accord Hoening v. Frick*, 2d Dist. Darke No. 2010–CA–22, 2011-Ohio-6804, ¶ 32.

{¶ 13} Under the doctrine of invited error, Crum cannot complain that the trial court granted the extension of time that she requested. She also cannot complain about the deadline having been omitted from the judgment entry, because the judgment entry was prepared and submitted to the court by her own trial counsel. As a result, we decline to find error when the action of the trial court was requested by Crum.

{¶ 14} For the foregoing reasons, the record demonstrates that the trial court committed no error. The court properly set a deadline for Crum to submit a response in its final pretrial order, and then extended the original deadline after Crum filed two motions to extend. Both of Crum's motions specifically requested a new deadline of August 17, 2012. Crum failed to file a response within that time frame; therefore, the trial court did not err when it issued a decision

granting summary judgment in favor of the City six weeks later.

{¶ 15}   Crum's sole assignment of error is overruled.


### III.   Conclusion

{¶ 16}   Having overruled Tiffany Crum's sole assignment of error, the decision of the trial court granting summary judgment in favor of the City of Huber Heights is affirmed.


. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.




Copies mailed to:

Patrick J. Conboy, II
Erin B. Moore
Hon. Timothy N. O'Connell